| | |
|---|---|
| MARK C. ZINK,<br>               Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,<br>               Defendant. | CASE NO. 2:16-CV-01471-JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter has been fully briefed. *See* Dkt. 14, 15, 16.

After considering and reviewing the record, the Court concludes the case should be reversed and remanded for further proceedings. Examining psychologist, Dr. David Widlan, PhD, opined that plaintiff's mental impairments would persist following 60 days of sobriety, and

were not primarily the result of alcohol or drug use. AR. 461. Despite this, the ALJ found plaintiff not disabled because, according to the ALJ, plaintiff would not have been disabled if he had not continued to abuse alcohol and/or drugs. The ALJ committed legal error by failing to address, in substantial part, the opinion of examining psychologist Dr.Widlan. Because this is not harmless error, this matter must be remanded for further proceedings consistent with this order.

## BACKGROUND

Plaintiff, MARK C. ZINK, was born in 1968 and was 44 years old on the alleged date of disability onset of August 1, 2012. *See* AR. 260-66, 267-84. Plaintiff has a high school diploma and has taken some college courses. AR. 56. Plaintiff has work history as a laborer in the construction field. AR. 313-19. He last worked doing temporary labor jobs. AR. 63-67.

According to the ALJ, plaintiff has at least the severe impairments of "Chronic foot dysfunction due to frostbite damage; tremor; lumbar degenerative disc disease; depressive disorder; substance abuse (20 CFR 404.1520(c) and 416.920(c))." AR. 31.

At the time of the hearing, plaintiff was living with his parents. AR. 55

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration. *See* AR. 95-109, 110-24, 127-42, 143-59. Plaintiff's requested hearing was held before Administrative Law Judge Mary Gallagher Dilley ("the ALJ") on November 20, 2014. *See* AR. 50-92. On January 29, 2015, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 25-49.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ properly evaluated the opinions of David Widlan, PhD; and (2) Whether or not the ALJ properly evaluated the opinions of Scott Schroeder, DPM. *See* Dkt. 14, p. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

(1) <u>Whether or not the ALJ properly evaluated the opinions of David Widlan, PhD</u>.

Plaintiff contends the ALJ erred in failing to consider the psychological evaluation of Dr. David Widlan. *See* AR. 458-62. Defendant contends the ALJ properly considered the evidence. *See* AR. 2-9.

Dr. Widlan conducted a psychological evaluation of plaintiff on December 12, 2012. *See* AR. 458-62. The doctor found plaintiff to have recurrent major depressive disorder, anxiety disorder, and personality disorder with borderline tendencies. AR. 459. The doctor indicated marked limitations in nine categories: the (1) ability to understand, remember, and persist in tasks by following detailed instructions, (2) ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision, (3) ability to perform routine tasks without special supervision, (4) ability to adapt to changes in a routine work setting, (5) ability to make simple work-related decisions, (6) ability to be aware of normal hazards

and take appropriate precautions, (7) ability to ask simple questions or request assistance, (8) ability to maintain appropriate behavior in a work setting, and (9) the ability to set realistic goals and plan independently. The doctor further indicated severe limitations in two categories: (1) the ability to communicate and perform effectively in a work setting and (2) the ability to complete a normal work day and work week without interruptions from psychologically based symptoms. AR. 460.

The ALJ cited Dr. Widlan's evaluation twice in her opinion. *See* AR. 28-42, at 32, 36. The ALJ relied on plaintiff's self-reporting regarding his extended periods of sobriety. *See* AR. 36. Also, the ALJ assigned great weight to the opinion, to the extent it supported "that on admission in August-December 2012 through January 2013, following alcohol and/or methamphetamine fueled-binges, the claimant's GAF score was 25-40, as this comports with the overall record as discussed." AR. 32, 36. In assigning this weight, the ALJ cited Dr. Widlan's opinion alongside nine other doctors' opinions contained within the record. *Id.* The ALJ did not address Dr. Widlan's other clinical findings. *See* AR. 28-42.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). But when a treating or examining physician's opinion is contradicted, that opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester, supra*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043

(9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). Here, the ALJ only addressed the GAF score opined by Dr. Widlan, and in that context, used the doctor's clinical evaluation to corroborate plaintiff's use of alcohol and/or drugs during a five-month period. *See* AR. 32.

The ALJ must explain why her own interpretations, rather than those of the doctors, are correct. *Reddick, supra*, 157 F.3d at 725 (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). The Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571. For example, "an ALJ cannot in its decision totally ignore a treating doctor and his or her notes, without even mentioning them." *Marsh v. Colvin*, 792 F.3d 1170, 1172-73 (9th Cir. 2015) (citing *Garrison v. Colvin,* 759 F.3d 995, 1012 (9th Cir. 2014)). Beyond substantiating plaintiff's GAF score range, as noted above, the ALJ ignored the doctor's findings. *See* AR. 28-32.

Dr. Widlan's clinical evaluation is relevant probative evidence because he opined that plaintiff's current impairments are not primarily the result of alcohol or drug use within the past 60 days, and the current impairments would persist following 60 days of

sobriety. *See* AR. 461. The Social Security Act prohibits the award of disability benefits when drug addiction and/or alcoholism is a contributing factor material to the determination of disability. *See* 42 U.S.C. §§ 423 (d)(2)(C), 1382c(a)(3)(J); *Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998). As noted by the Ninth Circuit, the key factor in determining whether or not "'alcoholism or drug addiction is a contributing factor material to the determination of disability' is [if] an individual would still be found disabled if she stopped using alcohol or drugs." *Sousa*, *supra,* 143 F.3d at 1245 (quoting 20 C.F.R. § 404.1535(b)(1)). Here, contrary to Dr. Widlan's professional opinion, the ALJ found that if plaintiff stopped the substance abuse, he would "not have an impairment or combination of impairments that meets or medically equals any of the impairments listed . . ." AR. 33.

A threshold issue in this case is whether or not the ALJ properly concluded that plaintiff's alcohol and substance abuse are material to a finding of disability. On March 29, 1996, Congress enacted the "Contract with America Advancement Act of 1996," which amended various portions of the Social Security Act. Pub. L. No. 104-121, 110 Stat. 847 (1996). Section 105(a)(1)(C) of the amendments, titled "Denial of Disability Benefits to Drug Addicts and Alcoholics," provides:

> An individual shall not be considered to be disabled for purposes of this title if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled.

110 Stat. at 852 (1996) (amending 42 U.S.C. § 423(d)(2)).

In determining whether or not a claimant's alcoholism or drug addiction is material pursuant to 42 U.S.C. § 423(d)(2)(C), the test is whether or not "an individual would still be found disabled if she stopped using alcohol or drugs." *Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998) (quoting 20 C.F.R. § 404.1535(b)(1)).  Materiality, however, only becomes an issue after the individual proves that he or she cannot perform any substantial gainful activity considering all impairments, including drugs and alcohol. Therefore, the ALJ first determines whether or not plaintiff's impairments, including the use of illicit drugs and/or alcohol, are disabling, and then determines whether or not plaintiff's impairments, absent the effects of drugs and alcohol, are disabling.  Plaintiff has the burden of proving that plaintiff's alcoholism or drug abuse is not material to the finding of disability.  *Ball v. Massanari*, 254 F.3d 817, 821 (9th Cir. 2001); *Brown v. Apfel*, 192 F.3d 492, 497-99 (5th Cir. 1999); *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000).

In reaching her decision regarding the materiality of plaintiff's alcohol and drug use, the ALJ erred in not discussing a central point in Dr. Widlan's evaluation, namely that plaintiff's current psychological impairments were not a result of alcohol or drug use, and would persist following 60 days of sobriety. *See* AR. 461. The defendant contends that Dr. Widlan's evaluation only speaks to the effect of "recent" alcohol or drug use because a question on the form reads: "Are the current impairments primarily the result of alcohol or drug use within the past 60 days?" *See* Dkt. 15, 6 and AR. 461. It is true this single question on the form does not in itself address the possibility that long term alcohol abuse as the root cause of any impairments suffered by plaintiff. *See* AR. 461.

However, in her decision, the ALJ did not raise or discuss the possibility that Dr. Widlan's assessment regarding plaintiff's limited level of functioning was caused by long term alcohol abuse. *See* AR. 31-42. At a minimum, it should have triggered the ALJ's investigation into this issue. The ALJ "has an independent 'duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (*quoting Brown v. Heckler*, 713 F.2d 411, 443 (9th Cir. 1983) (per curiam))). The ALJ's failure to examine this issue is not harmless error.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Marsh v. Colvin*, 792 F.3d 1170, 2015 U.S. App. LEXIS 11920 at *7-*8 (9th Cir. July 10, 2015) (*citing Stout,* 454 F.3d at 1055-56). The court further indicated that "the more serious the ALJ's error, the more difficult it should be to show the error was harmless." *Id.* at *9 (noting that where the ALJ did not even mention a doctor's opinion that plaintiff was "pretty much nonfunctional," it could not "confidently conclude" that the error was harmless) (*citing Stout,* 454 F.3d at 1056; *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742,

750 (6th Cir. 2007)). Even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (*citing* 20 C.F.R. § 404.1527(d)(1)-(3)). The ALJ's erroneous exclusion of Dr. Widlan's psychological evaluation was not harmless. If properly considered it might have affected the hypothetical scenarios provided to the vocational expert by the ALJ. Therefore, the matter should be reversed and remanded for further consideration of Dr. Widlan's opinion.

      (2)    <u>Whether or not the ALJ properly evaluated the opinions of Scott Schroeder, DPM</u>.

The Court has concluded that the ALJ erred in reviewing the medical evidence provided by Dr. Widlan, and that this matter should be reversed and remanded for further consideration. Furthermore, the opinion of Dr. Scott Schroeder, DPM should be assessed anew. *See* AR. 759-760. Plaintiff had five toes amputated following a severe frostbite injury in 1998. *See* AR. 470. After examination Dr. Schroeder opined that plaintiff "is not expected that he would be able to be able to be on his feet for any appreciable period of time due to his foot conditions." AR. 759. The hypothetical question posed to the vocational expert by the ALJ did not directly address this statement in determining plaintiff's ability to sit or stand for a given period of time. *See* AR. 35 (ALJ finding plaintiff can stand and/or walk for 1 hour at a time, for a total of 2 hours in an 8 hour day). It is unclear how the ALJ interpreted "any appreciable amount of time" to mean 2

hours in an 8 hour workday, without any accompanying discussion of this determination. This is particularly puzzling given the ALJ's reliance on other statements contained within Dr. Schroeder's opinion. *See* AR. 37.

Generally when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

It is appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman, supra,* 211 F.3d at 1178 (*quoting Smolen*, *supra*, 80 F.3d at 1292). Here, outstanding issues must be resolved. *See Id*.

Additional proceedings are necessary to reconsider the medical evidence to determine the correct RFC. It is the job of the ALJ, not the Court, to consider how plaintiff's impairments affect the formulation of the RFC. *Dominguez v. Colvin*, 808 F.3d 403, at 409 (9th Cir. 2015).

It is not clear from the record that the ALJ would be required to find plaintiff disabled, had the inappropriately discredited evidence regarding plaintiff's psychological limitations and serious foot injury been considered and weighed appropriately. *See Harman, supra,* 211 F.3d at 1178 (*quoting Smolen*, *supra*, 80 F.3d at 1292). The proper remedy is to remand to the ALJ for further proceedings.

CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 9th day of August, 2017.

J. Richard Creatura
United States Magistrate Judge